# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD F. DUNDAS,<br><br>                  Plaintiff,<br><br>vs.<br><br>TIMOTHY A. DOYLE,<br><br>                  Defendant. | Case No. 2:11-cv-02107-KJD-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(IFP & Complaint - Dkt. #1)<br>(Mtn to Place on Calendar - Dkt. #3) |

Plaintiff Edward F. Dundas is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). Plaintiff filed a Motion to Place the Application to Proceed In Forma Pauperis on Calendar (Dkt. #3). Having now reviewed and ruled upon Plaintiff's Application, the Motion to Place on Calendar is denied as moot. The court will now review the Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Dundas filed his Complaint on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. Although the handwritten Complaint is sometimes difficult to read, it appears Dundas is attempting to assert a due process claim and a legal malpractice claim against his former divorce lawyer, Timothy A. Doyle. Dundas seeks $100,000 in damages and a retrial of his divorce proceedings. The Complaint alleges Doyle represented Dundas in divorce proceedings in the Shelby Superior Court in Indiana, and after the court entered the final divorce decree on May 19, 2008. Doyle contacted Dundas only once. Dundas contends Doyle failed to mail him a copy of the final divorce decree. However Dundas apparently obtained a copy of the decree as it is attached to his Complaint. *Compare* Complaint at 14 *with* Complaint at 33-37. Dundas asserts Doyle did not follow his instructions to (a) sue the appraiser who valued Dundas' home for purposes of the divorce; or (b) sue Dundas' ex-wife for reducing the value of his home by allowing the walls to mildew and the floors to sag. Doyle did not allow Dundas to testify during his divorce proceedings and erroneously permitted the court to divide his civil service disability pension as a marital asset.

Dundas has attached various documents to the Complaint, including his medical records, correspondence related to his application for disability retirement, an email from Indiana attorney Jon R. Pactor declining to accept his malpractice case against Doyle, a letter from the Department of Veterans Affairs concerning his dental care, and documents related to the grievance he filed against Doyle with the Indiana Supreme Court Disciplinary Commission.

### A.   Plaintiff's Due Process Claim Under 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). A defendant is a state actor if he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation omitted); *see also Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006). Private parties are not generally considered state actors. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

It is well-settled that a lawyer engaged in private practice does not act under color of state law. For example, in *Polk County*, the United States Supreme Court held that although attorneys are "officers of the court," a lawyer representing a client is not a state actor within the meaning of § 1983. 454 U.S. at 318 (noting that an attorney's duty to advance the undivided interest of his or her client is essentially a private function for which state office and authority are not required). Similarly, in *Simmons v. Sacramento County Superior Court,* the Ninth Circuit dismissed a plaintiff's civil rights claim against an attorney, finding the lawyer was engaged in private practice and not a state actor. *Id.* The court further held conclusory allegations that an attorney acted under color of state law are insufficient to show a private party is a state actor. *Id.* (citing *Price,* 939 F.2d at 708). Here, Dundas' conclusory allegation that Doyle acted as an officer of the court is insufficient to show he acted under color of state law for purposes of asserting a civil rights violation claim. Because he has not named a state actor, and any amendment of this claim would be futile, it will be recommended that Dundas' due process claim under § 1983 be dismissed.

/ / /

**B.     Plaintiff's Legal Malpractice Claim.**

Dundas also alleges a legal malpractice claim against Doyle.  Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Plaintiff has not stated a federal claim or invoked the court's federal question jurisdiction under 28 U.S.C. § 1331.  His complaint alleges the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over his state law malpractice claim because he is a resident of Nevada, and Doyle resides in Indiana.  His prayer for relief seeks damages of $100,000, which exceeds the jurisdictional minimum of $75,000.  <u>The complaint and its attached exhibits indicate that the divorce decree was entered by the Shelby Superior Court May 18, 2008.  Dundas contacted counsel in August of 2008 to pursue a malpractice claim against Doyle for his handling of the divorce.  The attorney he contacted declined to accept the case and provided a detailed letter via email outlining reasons for declining to undertake representation.  The letter from the lawyer Dundas contacted about representing him in a malpractice claim against Doyle advised Dundas that Indiana had a two year statute of limitations that runs from when a client knows or should have discovered he had a claim with the exercise of ordinary diligence.</u>

The Ninth Circuit has held that in reviewing complaints filed in forma pauperis, a court may dismiss a complaint as frivolous under 28 U.S.C. § 1915(d) based on the relevant statute of limitations where it is obvious from the face of the complaint that the asserted claim is barred.  *See Franklin v. Murphy,* 745 F.2d 1221, 1228-30 (9th Cir. 1984) (citing 2A Moore's *Federal Practice* ¶ 12.08 (1972)).  In *Franklin*, the court acknowledged  dismissing cases based upon anticipated defenses is disfavored, but distinguished dismissal based upon a complete defense that appears on the face of the complaint.  *Id.* at 1229 (affirming dismissal of in forma pauperis complaint on statute of limitations grounds and noting that problems arising from anticipating defenses–namely, putting the trial court in the improper posture of being an advocate for the defendant–do not exist where a complete and obvious defense is apparent from the allegations in the complaint).  The Ninth Circuit held that where a plaintiff raises a defense that would defeat the action, the complaint fails to state a claim on which relief can be granted.  *Id.*

///

1  In determining whether Plaintiff's claim is barred, the court must apply state substantive law. *See generally Gasperini v. Center for Humanities,* 518 U.S. 415, 427-29 (1996) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)) (in diversity cases, federal courts apply state substantive law and federal procedural law). Here, a choice-of-law issue arises because the conduct alleged in the Complaint occurred in Indiana, not Nevada. Federal courts apply the choice-of-law rules of the state in which the district court sits. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941). The court must therefore apply Nevada's choice-of-law rules. Recently, the Nevada Supreme Court clarified its choice-of-law jurisprudence and held that the Second Restatement's "most significant relationship test" governs choice-of-law issues in tort actions unless another more specific section of the Second Restatement applies. *See Gen. Motors Corp. v. Eighth Judicial Dist. Ct. of State of Nev. ex rel. County of Clark,* 134 P.3d 111, 116 (Nev. 2006) (stating "the best approach to keeping those results uniform is to apply the law of the state that has the most significant relationship to the occurrence and the parties"); *see also Johnson v. Wells Fargo Home Mortg., Inc.,* 635 F.3d 401, 420 n.16 (9th Cir. 2011).

In determining which state has the most significant relationship to the occurrence and the parties, the Second Restatement enumerates the following factors for the court to consider: (a) the place where the injury occurred, (b) the place where the conduct causing injury occurred; (b) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (v) the place where the relationship, if any, between the parties is centered. Restatement (Second): Conflict of Laws §§ 6, 145 (1971). Applying these factors, it is clear that Indiana law applies. The divorce proceedings in which Doyle allegedly committed malpractice occurred in Indiana and the only nexus to Nevada is that Dundas currently lives here. All of the other factors support application of Indiana law. Dundas entered into the attorney-client relationship with Defendant in Indiana, the divorce proceedings occurred in Indiana where the injury (malpractice) occurred, and Doyle lives and practices in Indiana. Accordingly, the court will apply Indiana law on the applicable statue of limitations for legal malpractice claims.

Indiana law has a two-year statute of limitations for claims of legal malpractice. *See generally* Indiana Code 34-11-2-4 (2012); *see also Shideler v. Dwyer,* 417 N.E.2d 281, 286-88 (Ind. 1985);

*Silvers v. Brodeur*, 682 N.E.2d 811, 813 (Ind. Ct. App. 1997). Additionally, legal malpractice claims are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he or she sustained an injury resulting from another person's tortious conduct. *Silvers*, 682 N.E.2d at 813 (citing *Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992)). For a cause of action to accrue, a plaintiff need not know the full extent of the damage, but only that some damage has occurred. *Silvers,* 682 N.E.2d at 813-14 (citing *Doe v. United Methodist Church,* 673 N.E.2d 839, 842 (Ind. Ct. App. 1996)).

Here, the Shelby Superior Court entered the divorce decree on May 18, 2008. It is clear from the email/letter Plaintiff attached to the Complaint that he was aware of his potential malpractice claim as of August 17, 2008. *See* September 26, 2008 Email from Indiana Attorney Jon R. Pactor, attached to Complaint at pp. 19-20. Attorney Pactor writes, "You first called me on August 17, 2008[,] about a possible legal malpractice claim against Tim Doyle." *Id.* From the face of the complaint it is clear that Dundas believed he was damaged by Doyle's malpractice at least by August 17, 2008. He was advised of Indiana's two year statute of limitations and that it began running from when a plaintiff knows or reasonably should know in the exercise of due diligence he has been damaged. However, he submitted the Complaint on December 29, 2011, more than a year after the applicable statute of limitations expired. Because the statute of limitations is a complete defense that appears on the face of the Complaint, the court finds that Dundas cannot state a claim for legal malpractice upon which relief can be granted. Accordingly, because any amendment of this claim would be futile, it is recommended Plaintiff's legal malpractice claim be dismissed as frivolous under 28 U.S.C. § 1915(d).

For the reasons set forth above,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of

subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Motion to Place on Calendar (Dkt. #3) is DENIED.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 1st day of August, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.